## In re Bank of Auburn

*P. Herbert Reigner*, petitioner, p. p.

*J. J. Curran*, for respondent.

HOUCK, J., December 7, 1936. — On June 15, 1936, P. Herbert Reigner, Esq., a member of the bar of Berks County, presented his petition alleging that on January 5, 1934, he was properly assigned by the Department of Justice to prosecute a civil suit in the Court of Common Pleas of Berks County, on behalf of the receiver of the Bank of Auburn against the Hamburg Savings and Trust Company for the collection of a certain certificate of deposit in the sum of $20,000; that he prosecuted the suit to successful conclusion, recovering $22,400 for the receiver; that he was paid $1,000 for his services to December 1, 1934; and that after the conclusion of the case, on April 20, 1936, he presented to the receiver a bill for $2,500 for additional services in said case, which bill the receiver

has refused to pay, and which, petitioner alleges, is a fair and reasonable charge for his professional services. On this petition, and in accordance with section 1006 of the Department of Banking Code of May 15, 1933, P. L. 565, petitioner prayed for an order approving said bill and authorizing the receiver to pay it. Instead of making an ex parte order, the court granted a rule on the receiver. He filed an answer averring that the court is without authority to pass upon petitioner's claim in this proceeding and that the proper procedure is by exception to the receiver's account when filed.

Section 1006 of the Department of Banking Code, supra, on which the petition is based, provides:

"Any reasonable expenditure made by the secretary as receiver of an institution, including any expense incurred in the management, reorganization, consolidation, liquidation, or distribution of the assets and affairs of the institution, and any compensation paid . . . to any deputy attorney general . . . or other attorney who has been assigned by the Department of Justice to the secretary to handle for him any legal business pertaining to the affairs or property of such institution, shall be paid out of the assets of the institution, provided it is included in any partial or final account filed by the secretary, pursuant to the provisions of this act, and is approved by the court in which such account is filed."

Obviously this section refers to expenses approved by the secretary, paid by him, and included in his account. It does not refer to the situation presented here, because the expenditure is not included in any partial or final account filed by the secretary. On this ground alone the rule must be discharged.

Petitioner argues that his fee for professional services is an administration expense; that it may be paid at any time; and that either the secretary or petitioner may apply to the court for approval of the payment without waiting for the filing of an account. However, no provision of the code to which we have been referred authorizes

such procedure. The secretary refused to pay the bill. Consequently, petitioner's status is that of a claimant. Such being the case, the procedure is governed by sections 713 and 1009 of the code; section 713 providing that neither a depositor or other creditor of the institution, nor any other claimant, may maintain any action at law or in equity upon his claim, except by regular method provided by the statute for exceptions to the secretary's account; and section 1009 providing that if any claim has been rejected by the secretary the court shall, as soon as expedient after the expiration of the period for the filing of exceptions to the account, fix a date for hearing and decide the matter in controversy. The reason is obvious. Notice of the filing of the account must be given, and all interested parties may appear at the appointed time. It would be unwise to act upon disputed claims in the interim between the filing of accounts.

The dictum in Cameron v. Carnegie Trust Co., 292 Pa. 114, 117, supports respondent's contention. Finding it unnecessary to decide the procedural point raised, nevertheless the court said:

". . . it may be well to state that the proper procedure on questions affecting a distribution of the funds collected by the secretary, is to present a claim when his account has been filed and is before the court, at which time all the distributees can be heard, and from the decree which follows they alone have the right to appeal".

In his brief, petitioner argues that he has an equitable lien on the fund recovered by him for the secretary. At this time we do not pass upon the nature of petitioner's claim. Whether he has an equitable lien or whether his claim is preferred are questions which are not now before us. All that we decide is that the procedure followed is not authorized by the code, and on this ground we shall discharge the rule.

And now, December 7, 1936, the rule is discharged at petitioner's cost.